NATIONAL BROADCASTING COMPANY, INC., Petitioner,

v.

DISTRICT OF COLUMBIA COMMISSION ON HUMAN RIGHTS, Respondent.

Phyllis J. Law and Gwendolyn J. Lewis, Intervenors.

No. 82–504.

District of Columbia Court of Appeals.

Feb. 21, 1984.

Before NEWMAN, Chief Judge; KERN, NEBEKER, MACK, FERREN, PRYOR, BELSON, TERRY, and ROGERS,* Associate Judges.

ORDER

PER CURIAM.

On consideration of the petition by the District of Columbia for rehearing en banc, the amicus curiae brief of the Women's Legal Defense Fund in support thereof, and petitioner's response thereto, and it appearing that the majority of the judges of this court has voted to deny respondent's petition for rehearing en banc, it is

ORDERED that the aforesaid petition for rehearing en banc is denied.

Statement of reasons for voting to deny rehearing en banc.

* Associate Judge Rogers has recused herself from participating in this case.

Associate Judge Mack would grant the petition for rehearing en banc.

1. According to NBC's response to the petition for rehearing en banc, the NBC plan comes under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. (1979 Supp.). Shaw, supra, held that, because of federal preemption, an ERISA plan cannot be affected by a local human rights law that is more broadly protective than Title VII of the Civil Rights Act of 1964, 42 U.S.C.

FERREN, Associate Judge, with whom NEWMAN, Chief Judge, joins:

I vote to deny en banc review because there no longer is a justiciable merits controversy.

A Supreme Court decision handed down shortly after the division opinion in this case, 463 A.2d 657, makes clear that federal law preempts application of the District of Columbia Human Rights Law to the claims presented here. Shaw v. Delta Air Lines, Inc., —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).[1] Because of federal preemption, therefore, grounded in the Supremacy Clause of the Constitution, the Commission's order is void and should be vacated on this ground. See Nash v. Florida Industrial Commission, 389 U.S. 235, 88 S.Ct. 362, 19 L.Ed.2d 438 (1967); Crow v. Wainwright, 720 F.2d 1224 (11th Cir.1983). This leaves no genuine controversy as to the merits of the Commission's order, and thus the en banc court is now precluded from reaching issues regarding the Commission's application of the Human Rights Law. The division should withdraw its opinion, for not only has it become advisory, but also—as elaborated below—it deals with questions of exceptional importance that the full court cannot now address.

I would vote to go en banc, simply to vacate the division opinion on federal preemption grounds, but for the fact that it substantially tracks an earlier opinion of this court which we also cannot presently review: Group Hospitalization, Inc. v. District of Columbia Commission on Human Rights, 380 A.2d 170 (D.C.1977). Thus,

§§ 2000e et seq. (1976). In 1976, when the present case arose, Title VII did not cover discrimination based on pregnancy. General Electric Co. v. Gilbert, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). Thus, the question whether the District of Columbia Human Rights Law, 34 DCRR §§ 3.1, 11.1 (1973), outlaws discrimination based on pregnancy is irrelevant to this case; for, even if it does, it could not have been applied at the time to NBC's ERISA plan. The division opinion, therefore, essentially is an advisory opinion on the merits of a Commission order that is a nullity.

there is no way for the en banc court to deal effectively with the issues at this point.

It is important to add, however, that on the very day the division announced its opinion in this case, the Supreme Court handed down its opinion in *Newport News Shipbuilding and Dry Dock Co. v. Equal Employment Opportunity Commission,* —— U.S. ——, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983). In *Newport News,* the Court repudiated its analysis in *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), which had held that Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (1976), did not cover discrimination based on pregnancy.[2] This development is significant, for it was *Gilbert's* "broad reasoning" that persuaded a division of this court in *Group Hospitalization, Inc.* (and again in the present case) to conclude that the District of Columbia Human Rights Law, 34 DCRR § 11.1 (1973), did not outlaw discrimination based on pregnancy. Now that *Gilbert's* analysis no longer is valid, this court's reasoning in *Group Hospitalization, Inc.,* and thus in the present case, is obviously suspect.

The present case, if justiciable on the merits, would present questions of exceptional importance because this court's interpretation of our local Human Rights Law,[3] as applied to discrimination on account of pregnancy or childbirth, would also be ap-plicable to other aspects of employment,[4] as well as to other fields covered by the District of Columbia's civil rights statutes: education, housing, and public accommodations. Thus, even though this court is free to interpret local law without reference to the *Gilbert-Newport News* development, the far-reaching implications of the division's discussion in this case, coupled with the Supreme Court's repudiation of *Gilbert* in *Newport News,* surely makes inevitable our full court's eventual review of the question whether District of Columbia law prohibits discrimination based on pregnancy.

In short, by virtue of *Shaw, supra,* the division opinion in the present case is advisory. By virtue of *Newport News, supra,* the merits analysis of the division opinion, as well as of *Group Hospitalization, Inc.,* is bereft of its principal caselaw support. And by virtue of the purported reach of the division opinion, the issues in this case— when presented again—deserve en banc review.

Statement of reasons for voting to deny rehearing en banc.

PRYOR, Associate Judge:

Relying upon an earlier decision from this court, *Group Hospitalization, Inc. v. District of Columbia Commission on Human Rights,*

---

2. In 1978, Congress overruled *Gilbert, supra,* by amending Title VII with the Pregnancy Discrimination Act of 1978, P.L. 95–555, 92 Stat. 2076, 42 U.S.C. § 2000e (k) (1979 Supp.).

3. The division opinion notes that the District of Columbia Human Rights Law, "enacted by the City Council on November 17, 1973, was superseded by Human Rights Act, D.C.Law 2–38, in 1977, codified as D.C.Code § 1–2501 *et seq.,* which made no change in the substantive provisions of the 1973 Act, under which the instant case arose." 463 A.2d 657, 659 n. 1 (D.C.1983). Thus, the opinion purports, indirectly, to rule beyond the scope of the statute at issue.

4. Despite the protection now provided by the Pregnancy Discrimination Act of 1978, note 2 *supra,* the division's reading of the District's Human Rights Law would seriously hinder efforts to redress pregnancy-related discrimination in employment practices. In the area of employee benefit plans, ERISA does not preclude local law from addressing pregnancy-related discrimination that occurred after enactment of the Pregnancy Discrimination Act, at least insofar as the law is coextensive with Title VII and "provides a means of enforcing Title VII's commands." *Shaw, supra,* 103 S.Ct. at 2909. The interpretation of the Human Rights Law proposed by the division opinion, however, would effectively deny victims of such discrimination the option of seeking relief through local channels. Plaintiffs would also be foreclosed from seeking local relief from pregnancy-related discrimination in numerous types of employment practices that are unrelated to benefit plans. This loss would be particularly onerous in light of the procedural, remedial, and jurisdictional advantages available under the Human Rights Law but not under Title VII.

380 A.2d 170 (D.C.1977), a division of this court concluded that the exclusion of employee benefits for a pregnancy-related absence was not a violation of the District of Columbia Human Rights Law. 34 DCRR § 11.1 (1973). The division opinion, in my view, is narrowly focused and does not purport to address a variety of questions, state and federal, which have since evolved. *See Newport News Shipbuilding & Dry Dock Co. v. Equal Employment Opportunity Commission,* —— U.S. ——, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983); *Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

Given the factors which limit the scope of this decision, I do not think en banc consideration is warranted.

Statement of Associate Judge TERRY:

My position with respect to rehearing en banc is essentially the same as Judge Pryor's, and I join in his statement. Ordinarily I would do so without further comment. In light of Judge Ferren's statement, however, I offer these observations.

In *Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the Supreme Court held that a federal statute, the Employee Retirement Income Security Act of 1974 (ERISA), pre-empted state and local anti-discrimination statutes only insofar as they prohibited practices that were permitted under federal law, specifically Title VII of the Civil Rights Act of 1964. The division in the instant case held that the exclusion of pregnancy-related disability benefits from a company benefit plan did not violate the District of Columbia Human Rights Law. *National Broadcasting Co. v. District of Columbia Commission on Human Rights,* 463 A.2d 657 (D.C. 1983). Therefore, since this case did not involve a violation of District of Columbia law, there was and is no occasion to consider whether District of Columbia law has been pre-empted by ERISA. Simply put, no pre-emption issue is presented in this case, and *Shaw* is irrelevant.

The division's holding followed this court's earlier decision in *Group Hospitalization, Inc. v. District of Columbia Commission on Human Rights,* 380 A.2d 170 (D.C.1977), which in turn was based on *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). The Supreme Court held in *Gilbert* that discrimination based on pregnancy did not violate Title VII of the Civil Rights Act. Congress in effect overruled *Gilbert* by enacting the Pregnancy Disability Act of 1978, 92 Stat. 2076, which added a new definitional subsection to Title VII, now codified at 42 U.S.C. § 2000e (k). *See Newport News Shipbuilding & Dry Dock Co. v. Equal Employment Opportunity Commission,* —— U.S. ——, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983). The denial of benefits in the instant case, however, occurred in 1976 and 1977, prior to the effective date of the Pregnancy Disability Act. Consequently, *Gilbert* and *Group Hospitalization* control this case.

The fact that Congress chose to change the law in 1978 (and, in doing so, to reject the Supreme Court's reasoning in *Gilbert*) can have no effect on pre-1978 conduct which was permissible under pre-1978 law, as the Supreme Court in *Gilbert* declared it to be. Judge Ferren is of course correct in saying that "*Gilbert*'s analysis no longer is valid," *ante* at 886, but its invalidity results from a subsequent act of Congress, not from any inherent flaw in the Supreme Court's reasoning. Had Congress not changed the law in 1978, *Gilbert's* analysis would still be valid, at least until the Supreme Court decided otherwise. Thus, since this case is controlled by *Gilbert,* it is simply incorrect to characterize this court's reasoning in *Group Hospitalization* and the instant case as "obviously suspect." *Ante* at 886. The division properly recognized that it was not free to disregard a Supreme Court holding that bore directly on this case, regardless of whether individual judges might agree or disagree personally with that holding. *See National Broadcasting Co., supra,* 463 A.2d at 664.